

**Dated: October 3rd, 2022**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF:                                   CASE NO: 22-30169
Theresa Lynn Grieco
DEBTOR                                              CHAPTER 7

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

This matter came on for consideration upon the Motion of SN SERVICING for an Order granting relief from the automatic stay herein.

The Court, being of the opinion to grant the relief, it is,

ORDERED that the automatic stay of Title 11 U.S.C. § 362 shall terminate as to the Debtor's interest in the hereinafter described real estate situate in the County of Cabell and State of West Virginia, to-wit:

Property address: 6120 Smith Creek Road, Salt Rock, WV, 25559

The Surface only of that certain tract, piece of ground situate on the waters of Smith and Madison Creeks, McComas District, Cabell County, West Virginia, and more particularly bounded and described as follows:

Beginning at an iron rail on the southerly line of a public road which beginning point is about 1950 feet along said road from Smith Creek Road, also being a corner to Lots Nos. 10 and 11; thence up the hills S. 11 degrees 45 minutes E. 1250 feet to an iron rail on the ridge; thence leaving lot No, 11 and around the ridge S. 37 degrees W. 179 feet to a stake on the ridge; thence S. 30 degrees W. 262 feet to a stake on the ridge; thence S. 8 degrees 15 minutes W, 48 feet to a stake in the fence corner; thence, S. 49 degrees 30 minutes W. 254 feet to a stake on the ridge; thence S. 81 degrees 30 minutes W. 158 feet to a stake on the ridge; thence S. 45 degrees 45

minutes W. 225 feet to a stake on the ridge; thence S. 61 degrees 15 minutes W. 193 feet to an iron rail on top of the ridge, also being a corner to Lots No. 10 and 9; thence leaving lot No. 10, N. 71degrees 15 minutes W. 231 feet to a stake on top of the ridge; thence N. 36 degrees 30 minutes W. 135 feet to a stake on top of the ridge; thence down the ridge N. 13 degrees 45 minutes W. 715 feet to a stake in the fence corner; thence down the hill N. 50 degrees 30minutes W. 226 feet to an iron rail on the hill side; thence N. 38 degrees 45minutes E. 508 feet to an iron rail on the side; thence down the hill S. 80degrees E. 410 feet to an iron rail near a drain; thence down the drain N. 12 degrees 15 minutes W. 495 feet to an iron rail on the north bank of said road, a black oak witness, also being a corner to Lot No. 8; thence down the road N. 66 degrees 20 minutes W. 323 feet to an iron rail on the south side of said road, also being a corner to Lots Nos. 8, 9 and 10; thence leaving Lot No. 9 and with Lots No.8 and 10, N. 56 degrees 30 minutes E. 227 feet to an iron rail corner to Lots Nos. 7 and 8 and 10; thence S. 81 degrees 45 minutes E. 217 feet to the place of beginning, containing 44.72 acres, more or less, to be designed as lots numbers nine (9) and ten (10) on a survey made by vermal bias, dated March 27, 1976:

Excepting, however, a .337 acre, as surveyed by Reynolds Surveying, LLC of Lavalette, WV as described with plat, in Deed to be hereafter recorded in the office of the Clerk of the County Commission of Cabell County, West Virginia, which property is more fully described as follows:

All that certain lot, piece or parcel of land, situate on the waters of the right fork of Smith Creek, McComas District, Cabell County, West Virginia, and being part of Lot 10 as shown on the plat or map titled plat or survey for Lonnie Keenan and Barbara Keenan, Oza Keenan and Violet Keenan, Roger Keenan and Edra Keenan, as prepared by Vermal J. Bias and dated March 17, 1976, said parcel being more particularly bounded and described as follows:

Beginning at a rebar (set) on the arc of a non tangent curve to the right in the southerly right of way line of the right fork of Smith Creek Road, said rebar being, for reference, North 60 degrees 35 minutes 09 seconds East a distance of 178.44 feet from a 2 inches T-rail marking the Northerly corner common to Lots 9 and 10 of the above stated map; thence with the southerly right of way line of the road the following three (3) calls: along the arc of the curve to the right, a distance of 110.55 feet, said curve having a radius of 202.12

feet, a chord distance of 109.18 feet, a chord direction of North 86 degrees 22 minutes 07 seconds east to the point of Tangency; South 77 degrees 57 minutes 43 seconds East a distance of 74.24 feet to the point of curvature of a curve to the left; along the arc of the curve to the left a distance of 45.13 feet, said curve having a radius of 119.35 feet, a chord distance of 44.86 feet, a chord direction of south 88degrees 47 minutes 42 seconds east to a rebar (set) on the westerly side of a farm access road; thence leaving Smith Creek Road South 31 degrees 54 minutes 25 seconds East a distance of 15.10 feet to a rebar (set) at the foot of the hill; thence south 65 degrees 26 minutes 04 seconds west a distance of 175.14 feet to a rebar and cap (set); thence south 54 degrees 54 degrees 32 minutes 34 seconds West a distance of 50.67 feet to a rebar and cap (set); thence North 15 degrees 12 minutes 10 seconds West a distance of 129.06 feet to the beginning, containing 16,267 square feet or 0.373 Acres, more or less, as surveyed by Reynolds Surveying, LLC and as shown on the revised map previously record and made a part hereof;

Excepting, further, however, .602 acre conveyed to Lee Ann Bailey, by Howard Lee Bailey, Et UX, in Deed dated the 3rd day of January, 2003 recorded in the office of the Clerk of the County Commission of Cabell County, West Virginia, in Deed Book 1109, at page 539;

Excepting, further, however, all that certain tract of parcel of property on Smith Creek Road near State Route Number 10 in McComas District of Cabell County, West Virginia being more particularly bound and described as follows:

Beginning at a point in the South right of way line of Smith Creek Road and at the Northwest Corner to Howard L. Bailey (DB 775 Page 406 0.373 AC); thence leaving said Right of way line with west line of Bailey, South 15-12-10 East 75.20 feet to a point on the North bank of Smith Creek in the line of Howard L. Bailey; thence leaving bailey and running thru the property of Theresa G. Ross (DB 113 PG 584) along the north bank of the Creek south 45-22-41 West 33.25 feet to a 5/8 inch rebar and cap (set); South 45-22-41 West 21.61 feet to a 5/8 inch rebar and cap (set); south 50-37-38 West 98.92 feet to a 5/8 inch rebar and cap (set); thence leaving the creek bank and continuing thru the property of Ross, North 32-56-15 West 102.35 feet to a 5/8 inch rebar and cap (set) in the south right of way line of Smith Creek Road and at a Northeast corner to residual of Theresa Grieco Ross; thence leaving said residual and

running with said right od way, North 62-11 -20 East 50.34 feet to a point in said right of way line; thence staying with said right of way line, north 56-49-19 East 79.60 feet to a point of curve; thence continuing with the right of way line along the arc of a curve to the right having a radius of 215.00 feet and a chord which bears, North 62-34-15 east 45.36 feet to the point of beginning containing 14,428 square feet or three hundred thirty one thousandths (0.331) acre; subject however, to a ten foot wide right of way over an existing dirt road.

It is further ORDERED:

The parties agree that as of, August 3rd, 2022, the debtor owes a principal sum of $53,569.85. A late charge is assessed for late payments. As of said date, there is also due and owing to Secured Creditor Twenty-Five (25) monthly payments. Said payments are in the amount of $891.08 each for the month of July, 2022 through August, 2022 for a delinquency of $22,277.00, plus late charges of $330 for a total arrearage of $22,607.00.

The debtor shall cure all arrearages and have the loan current on or before October 7, 2022, OR the Debtor shall convert to a chapter 13, which will properly address and cure the arrearages, on or before October 7, 2022; OR the STAY IS AUTOMATICALLY LIFTED. The total amount shall be paid directly to Movant at: SN Servicing Attn: Payment Servicing Corporation, 323 5th Street, Eureka, CA 95501. Include your loan number on your check or money order.

This Order shall not continue as a forbearance agreement between the parties if the bankruptcy case is closed. Upon completion of the payments listed above, the debtor shall continue to make her regular monthly payments.

In the event that debtor does *NOT* convert to a Chapter 13 Plan; OR become current in his payments by October 7, 2022, the automatic stay shall be automatically lifted. If the debtor becomes delinquent on any of the payments thereafter as required by this order and such payments remain unpaid for a period of fifteen (15) days, the movant shall provide the Debtor and her counsel with notice of default by certified mail, return receipt requested, and if no response or affirmative motion for relief is made by the

Debtor within ten (10) days, the part of this order for the movant to forbear from foreclosing shall terminate. When this case is closed the notice provision of this Order shall cease.

Upon the foreclosure, it is further ORDERED that the above real estate be abandoned as an asset of the estate but if any proceeds are derived from a foreclosure of the security interest in excess of the amount of the liens against the property and reasonable costs of the foreclosure, said excess shall be reported to the Trustee and to the Debtor and her attorney. This Order takes effect immediately upon its being signed by the Court.

All communications including but, not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtor. Debtors counsel does not require service or notice.

Nothing in this order shall be interpreted as an abandonment or waiver of the Debtor's opportunity to take advantage of state and or federal programs which may reduce Debtor's financial obligation.

All communications including but, not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtor. Debtors' counsel does not require service or notice.

PREPARED BY:                                                AGREED TO BY:

/s/ Timothy J. Amos

Timothy J. Amos                                             Scott G. Stapleton
WVSB # 7683                                                 WVSB # 3568
Golden & Amos, PLLC                                         Scott G. Stapleton
Counsel for SN SERVICING                                    COUNSEL FOR TERESA LYNN GRIECO
BK/2022/GRIECO/SAO.SD7

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF:  
Theresa Lynn Grieco  
DEBTOR

CASE NO: 22-30169

CHAPTER 7

**CERTIFICATE OF SERVICE**

The undersigned, Timothy J. Amos, attorney for SN SERVICING, a corporation, for itself, its successors and/or assigns, or as servicer, hereby certifies that on the 23rd day of September, 2022, he served the foregoing and hereto annexed ORDER GRANTING RELIEF FROM AUTOMATIC STAY, by mailing, postage prepaid, true copies thereof through the United States Mail, addressed as follows:

Theresa Lynn Grieco  
6120 Smith Creek Road  
Salt Rock, WV 25559

Served via electronic filing to:  
Scott G. Stapleton  
Debtor's counsel

Janet Smith Holbrook  
Chapter 7 Trustee

US Trustee

/s/Timothy J. Amos
_____
Timothy J. Amos  
WV State Bar #7683  
Golden & Amos, PLLC  
Post Office Box 81  
Parkersburg, WV 26102  
Telephone: 304/485-3851  
Fax:     304/485-0261